UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80431-CIV-MARRA/JOHNSON

CAROL LINDSEY MUNROE, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

PARTSBASE, INC., a Florida corporation,
and ROBERT A. HAMMOND,
individually,

    Defendants.
_____/

## OPINION AND ORDER ON MOTION TO DISMISS COUNTERCLAIM

THIS CAUSE comes before the Court on Plaintiff's Motion to Dismiss Defendants' Counterclaim or Motion to Amend Complaint (DE 7), filed May 29, 2008. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

## Background

On April 23, 2008, Plaintiff Carol Lindsey Munroe ("Plaintiff") filed her Collective Action Complaint (DE 1), seeking unpaid overtime compensation for herself and other similarly situated employees from Defendants PartsBase, Inc. and Robert A. Hammond ("Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff claims that she was required to work in excess of forty hours per week and was "willfully refused" proper compensation. (Compl. ¶ 10.) Subsequently, on May 22, 2008, Defendants filed their Answer

1

(DE 4) along with a counterclaim against Plaintiff for breach of a confidentiality agreement. Plaintiff now moves to dismiss the counterclaim on the basis that the Court lacks subject matter jurisdiction over that claim. More specifically, the parties dispute whether the counterclaim is compulsory or permissive. In addition, Plaintiff seeks to amend the Complaint to add a cause of action for retaliation under the FLSA.

**Motion to Dismiss Counterclaim**

Section 1367(a) of Title 28 of the United States Code states, in pertinent part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." Supplemental jurisdiction can only be exercised over a compulsory counterclaim; for permissive counterclaims, the party bringing the claim must assert an independent basis for federal court jurisdiction. *East-Bibb Twiggs Neighborhood Ass'n v. Macon Bibb Planning & Zoning Com'n*, 888 F.2d 1576, 1578 (11th Cir. 1989).

Rule 13 of the Federal Rules of Civil Procedure explains that a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and that also "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). The former Fifth Circuit has refined the analysis under Rule 13 by directing the Court to apply the "logical relation test." *Plant v. Blazer Financial Services, Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979);[1] *see also Revere Cooper &*

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

*Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 714-17 (5th Cir. 1970). A "logical relationship" exists when the "counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional rights . . . in the defendant." *Plant*, 598 F.2d at 1361; *see also Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985).

Contrary to Plaintiff's assertions, the Court finds persuasive the case of *Arcusa v. Lisa Coplan-Gardner, P.A.*, No. 07-cv-712-J-33TEM, 2007 WL 3521986 (M.D. Fla. Nov. 15, 2007). In that case, the plaintiff claimed that she was denied overtime compensation. The defendant argued in response that the plaintiff was "working on her own personal commercial enterprises and that she converted [the defendant's] property in these endeavors." *Id.* at *2. As a result, the court concluded that the defendant's counterclaim for conversion was logically related to the plaintiff's FLSA claim because the conversion claim was related to the defendant's defense under the FLSA that the plaintiff's alleged "overtime" was not compensable. *Id.*

As presented in Defendants' brief in opposition to the instant motion, this case is analogous to *Arcusa*: "Plaintiff's misconduct occurred during work hours and is not compensable. Plaintiff's claim for overtime pay and Defendants' counterclaim are therefore inextricably intertwined." (Def. Resp. 1-2) (citations omitted). If Defendants had plead these facts in their Answer, the Court would have jurisdiction over the counterclaim because the breach of the agreement during working hours, if done for Plaintiff's benefit and not for Defendants' benefit, would arguably not be compensable. Nevertheless, while Defendants' Answer (DE 4) contains allegations that Defendants are entitled to a set-off for any payments made to Plaintiff

3

for "non-compensable time," the Answer does not contain any allegations that the breach of the confidentiality agreement occurred during working hours or that Plaintiff was compensated for time spent breaching the agreement. Thus, as alleged in the answer, the breach of confidentiality agreement appears only tangentially related to Plaintiff's cause of action under the FLSA.

Unless the breach of confidentiality agreement claim arises out of the same facts as Plaintiff's claim for unpaid overtime, Defendants' set-off argument must fail. As this Court previously explained in *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV, 2008 WL 2323892 (S.D. Fla. June 2, 2008), set-offs may not result in payments to a prevailing plaintiff that are below the minimum wage. *Id.* at *3. Like *Nelson*, any set-off to Plaintiff's recovery of overtime compensation "would result in Plaintiff failing to receive [her] 'cash in hand.'" *Id.* In other words, allowing the set-off would prevent Plaintiff from recovering all the monies to which she is entitled under the FLSA. Under the former Fifth Circuit's holding in *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974), such a set-off is not permissible.[2]

As Plaintiff's claim and Defendants' claim do not presently appear to arise from the same nucleus of operative facts, and Defendants have not asserted an alternative basis of subject matter jurisdiction over the counterclaim, the Court concludes that it lacks jurisdiction over the counterclaim. The counterclaim must be dismissed, but Defendants shall have leave to amend the counterclaim to assert a proper basis for the Court's jurisdiction.[3]

---

[2] As the Court explained in *Nelson*, several district courts have allowed set-offs in FLSA cases. However, because those Courts did not analyze *Brennan* in this light, the Court does not find them persuasive. *Nelson*, 2008 WL 2323892 at *3 n.5.

[3] Plaintiff asserts that "Defendants have not presented any evidence that Plaintiff breached the confidentiality agreement to further her own cause (other than general conclusory allegations), or that she received any benefit from allegedly breaching such agreement." (Pl.

**Motion to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires." In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the parties have not argued the existence of (nor can the Court find evidence of) undue delay, bad faith, or undue prejudice. Instead, Defendants argue that the amendment is futile, because they claim the filing of an FLSA lawsuit cannot form the basis of a retaliation claim.

The Court recognizes that some other district courts have held that the filing of a counterclaim alone, as a matter of law, does not constitute a materially adverse action that can support a claim of retaliation. *See, e.g., Beltran v. Brentwood North Healthcare Center, LLC*, 426 F. Supp. 2d 827, 833 (N.D. Ill. 2006). However, the determination of retaliatory intent is a question of fact. *See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70 (2006) (sustaining the jury's determination that certain acts of the defendants were retaliatory). Thus, the Court disagrees with the categorical approach taken by the court in *Beltran* and declines to hold, as a matter of law, that a counterclaim cannot be retaliatory. The determination of whether

---

Reply 2.) However, at the pleading stage, Defendants need not produce evidence to substantiate their claims; instead, they need have only a good faith basis that facts alleged in a pleading have or will have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

the counterclaim is or is not retaliatory is better resolved on a motion for summary judgment or at trial, not the instant motion or a motion to dismiss. In sum, the amendment to the Complaint is not futile and shall be granted.

**Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Counterclaim or Motion to Amend Complaint (DE 7) is **GRANTED** as follows:

1. Defendants' Counterclaim is **DISMISSED WITHOUT PREJUDICE**. Defendant shall have ten (10) days from the date of entry of this Order to amend the allegations and reassert their counterclaim.

2. Plaintiff shall refile electronically her Amended Complaint through the CM/ECF system. The date of refiling shall be the effective date of the Amended Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of August, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record