UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80431-CIV-MARRA/JOHNSON

CAROL LINDSEY MUNROE, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

PARTSBASE, INC., a Florida corporation,
and ROBERT A. HAMMOND,
individually,

    Defendants.
_____/

## OPINION AND ORDER ON MOTION TO DISMISS RETALIATION CLAIIMS

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss Retaliation Claims (DE 31), filed September 15, 2008. No response has been filed and the deadline to respond has passed. The Court has carefully considered the motion and is otherwise fully advised in the premises.

## Background

On April 23, 2008, Plaintiff Carol Lindsey Munroe ("Plaintiff") filed her Collective Action Complaint (DE 1), seeking unpaid compensation for herself and other similarly situated employees[1] from Defendants PartsBase, Inc. and Robert A. Hammond ("Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Defendants filed their Answer (DE 4), along with a counterclaim by PartsBase against Plaintiff for breach of a confidentiality

---

[1] Plaintiff subsequently withdrew her motion to proceed as a collective action. (DE 35).

1

agreement.  Subsequently, on August 11, 2008, the Court entered an order (1) dismissing the counterclaim without prejudice with leave to amend and (2) granting Plaintiff's motion to amend the Complaint to include claims for retaliation, based on the filing of the counterclaim against Plaintiff (DE 20).  Partsbase amended its Counterclaim with claims of breach of confidentiality agreement and conversion (DE 21).  Plaintiff amended her Complaint to allege retaliation claims against Defendants (DE 22).

Defendants now move to dismiss the retaliation claims (Counts 3 and 4). Defendants argue that the retaliation claims against Defendant Hammond (Count 4) must be dismissed because Hammond did not file the counterclaim against Plaintiff; the counterclaim is only pled on behalf of Defendant PartsBase.  Moreover, Defendants argue, the retaliation claims fail to state a claim upon which relief can be granted because an FLSA plaintiff is barred as a matter of law from asserting a retaliation claim in response to the defendants' counterclaims.

**Standard of Review**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**Discussion**

*Retaliation claims based on filing of counterclaims*

The FLSA's anti-retaliation provision makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA] ..." 29 U.S.C. § 215(a)(3).

Both the FLSA and Title VII are remedial statutes whose effectiveness depends on the employee's ability to bring claims thereunder with impunity. Torres v. Gristede's Operating Corp., 2008 WL 4054417, *16 (S.D.N.Y. 2008). Thus, "FLSA retaliation claims are governed by the same legal analysis applicable to retaliation claims under Title VII." Beltran v. Brentwood N. Healthcare Ctr., LLC., 426 F.Supp.2d 827, 833 (N.D.Ill. 2006). See Robinson v. Shell Oil, Co., 519 U.S. 337, 346 (1997) ("[A] primary purpose of antiretaliation provisions [is] [m]aintaining unfettered access to statutory remedial mechanisms."); Darveau v. Detecon, Inc., 515 F.3d 334, 342 (4th Cir. 2008) ("Although the two statutes [Title VII and the FLSA] seek to combat separate workplace problems, the purpose of their retaliation provisions is one and the same-namely, to secure their substantive protections 'by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees.' ").

Plaintiff's retaliation claim will survive a motion to dismiss if, after construing all reasonable inferences and allegations in the complaint liberally in her favor, the Court determines that she has pleaded facts sufficient to support the elements of a prima face case by showing that:

3

1) she was engaged in a protected activity; 2) Defendant was aware of Plaintiff's participation in the protected activity; 3) Defendant took adverse employment action against Plaintiff; and 4) a causal connection existed between the protected activity and the adverse action. Fei v. WestLB AG, 2008 WL 594768, *2 (S.D.N.Y.2008). Here, Plaintiff satisfies the first two prongs because she engaged in protected activity by filing suit to recover her unpaid wages, which qualifies as protected activity under the FLSA and the Defendants are obviously aware of this. Plaintiff also satisfies the fourth prong, because the closeness in time between the filing of the complaint and the adverse action can establish a causal connection. Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001); see Kreinik v. Showbran Photo, Inc., 2003 WL 22339268, *8 (S.D.N.Y. 2003) ("[T]his Court has permitted a plaintiff to challenge a defendant's counterclaims as retaliatory, where, as here, the claims could have been asserted earlier, but were instead asserted only after the plaintiff had initiated the action seeking to vindicate his federal rights."). The issue in dispute is whether a counterclaim can constitute an "adverse employment action."

The assertion of a claim in litigation can sometimes constitute unlawful retaliation. Orr v. James D. Julia, Inc., 2008 WL 2605569, *16 (D.Me. 2008); Fei v. WestLB AG, 2008 WL 594768, *3 (S.D.N.Y.2008). Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions. See, e.g., Darveau v. Detecon, Inc., 515 F.3d 334, 343 (4th Cir. 2008) (finding allegation that plaintiff's employer filed a lawsuit against him alleging fraud with a retaliatory motive and without a reasonable basis in fact or law an actionable adverse employment action under FLSA). Bad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights are actionable retaliation precisely because of their "in terrorem effect." Torres v.

4

Gristede's Operating Corp., 2008 WL 4054417, *17 (S.D.N.Y. 2008), citing Bill Johnson's Restaurant v. NLRB, 461 U.S. 731, 740 (1983) (acknowledging that "by suing an employee who files charges ... an employer can place its employees on notice that anyone who engages in such conduct is subjecting himself to the possibility of a burdensome lawsuit").

The Court recognizes that some other district courts have held that the filing of a counterclaim alone, as a matter of law, does not constitute a materially adverse action that can support a claim of retaliation. See, e.g., Kentish v. Madahcom, 556 F. Supp. 2d 1343, 1349 (M.D. Fl. 2008); Beltran v. Brentwood North Healthcare Center, LLC, 426 F. Supp. 2d 827, 833 (N.D. Ill. 2006). However, the determination of retaliatory intent is a question of fact. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 70 (2006) (sustaining the jury's determination that certain acts of the defendants were retaliatory). Thus, the Court disagrees with the categorical approach taken by the court in Kentish and Beltran and declines to hold, as a matter of law, that a counterclaim cannot be retaliatory. See, e.g., Kreinik v. Showbran Photo, Inc., 2003 WL 22339268, *6 (S.D.N.Y. 2003) (explaining the court had "expressly refused 'to adopt a rule stating that ... counterclaims, or any other legal cause of action, cannot, as a matter of law, constitute retaliation'"). The determination of whether the counterclaim is or is not retaliatory is better resolved on a motion for summary judgment or at trial, not a motion to dismiss.

Nothwithstanding the above, the Court finds that in this case the anti-retaliation claims are insufficient as pled because they fail to allege that the counterclaims lack a reasonable basis in fact or law. See Darveau, 515 F.3d at 343-44 (reversing district court order dismissing retaliation claim where plaintiff alleged his employer filed a lawsuit against him with a

5

retaliatory motive and without a reasonable basis in fact or law); Barnes v. Akal Sec., Inc., 2005 WL 1459112 (D.Kan. 2005) (agreeing with Defendants analysis of the law that "the filing of a counterclaim can not be actionable retaliation unless Plaintiffs establish (1) retaliatory motive and (2) lack of a reasonable basis for the claims"); Torres, 2008 WL 4054417, *17  ("Courts have held that baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, even though they do not arise strictly in an employment context.")(emphasis added); Ergo v. Int'l Merch. Servs., 519 F.Supp.2d 765, 781 (N.D.Ill.2007) (holding that a compulsory counterclaim is not actionable for retaliation unless it is totally baseless); Orr., 2008 WL 2605569, *17 (accord).  Accordingly, the retaliation claims (Counts 3 and 4) are dismissed without prejudice for failure to state a claim.

***Retaliation claim against Hammond personally***

In addition to the above reasons for dismissal of the retaliation claims, Defendants argue that the retaliation claims against Defendant Hammond (Count 4) must be dismissed because Hammond did not file the counterclaim against Plaintiff; the counterclaim is only pled on behalf of Defendant PartsBase. (DE 31 at 3-4).   While the Amended Complaint alleges that "Defendants filed a counterclaim . . . in retaliation for filing her Complaint," (Am. Compl. ¶ 13), it does not allege any personal involvement or influence by Hammond in PartsBase's determination to file the Counterclaim.  This inadequacy constitutes an independent basis for the Court's dismissal without prejudice of the retaliation claim against Hammond (Count 4) for failure to state a claim.

### Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that  Defendants' Motion to Dismiss

6

Retaliation Claims (DE 31) is **GRANTED** as follows:

1. Plaintiff's FLSA anti-retaliation claims (Counts 3 and 4) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have ten (10) days from the date of entry of this Order to amend the allegations, consistent with this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of November, 2008.

                                                                             _____
                                                                             KENNETH A. MARRA
                                                                             United States District Judge

Copies furnished to:
all counsel of record